IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRY BRADFORD MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:16-CV-971-ECM |
| ) | [WO] |
| CORPORAL OFFICER ) | |
| JIMMY HUNT, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending on a complaint filed by Larry Moore, an inmate incarcerated at the Chambers County Detention Facility ("CCDF") in LaFayette, Alabama. Moore complains that Defendant Jimmy Hunt subjected him to excessive force on November 7, 2016. Moore also complains that Defendant Hunt acted negligently regarding his welfare and safety on November 30, 2016. Moore seeks monetary damages for the alleged violations of his constitutional rights. Doc. 1 at 2–4.

Defendant Hunt filed an answer, special report, and supporting evidentiary materials addressing the claims in the complaint. In these documents Hunt denies he acted in violation of Moore's constitutional rights and argues this case is due to be dismissed because Moore failed to exhaust the administrative remedy available to him at the CCCDF for addressing his claims. Doc. 19 at 8–10.

Upon receipt of Defendant Hunt's special report, the court issued an order providing Moore an opportunity to file a response. This order directed Moore to address Defendant Hunt's arguments that: "(i) Plaintiff's claims are due to be dismissed because he failed to exhaust his

available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act [("PLRA") prior to filing this federal civil action] . . . ; and (ii) [t]he claims contained in the complaint fail to establish a violation of his constitutional rights by Defendant." Doc. 20 at 1–2 (footnote omitted). The order also advised Moore that his response should be supported by affidavits or statements made under penalty of perjury and/or appropriate other evidentiary materials. Doc. 20 at 3. The order further cautioned Moore that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is appropriate, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 20 at 3–4 (footnote omitted). Moore has not filed a response to Hunt's report.

Pursuant to the aforementioned order, the court deems it appropriate to treat the report filed by Hunt as a motion to dismiss regarding the exhaustion defense. This case, therefore, is now pending on Hunt's motion to dismiss. *See Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

### III. DISCUSSION

Moore complains that Defendant Hunt subjected him to excessive force on November 7, 2016, when Hunt maced him without provocation while his hands were cuffed behind his back.

3

Moore further complains that Hunt acted negligently in response to Moore's statement that he "felt he would kill [him]self" by responding that if Moore felt like killing himself to "make sure he d[id] it right." Doc. 1 at 2. Hunt denies these allegations and also asserts that this case is subject to dismissal because Moore failed to exhaust the administrative remedy provided to him at the CCDF prior to filing suit, as required by the PLRA.

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As the Supreme Court has observed, "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

> The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all "available" remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies.

*Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*,

159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,'" or is "'capable of use for the accomplishment of a purpose.'" *Booth*, 532 U.S. at 737. Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93.

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Id.* at 90–91 & 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83–84; *Bryant*, 530 F3d at 1378 (holding that, to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts

5

pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the CCDF provides an administrative remedy for inmate complaints in an inmate grievance procedure. Docs. 19-2 at 21, 19-3 & 19-4. Hunt's undisputed evidentiary materials reflect that Moore has access to the grievance procedure in the CCDF. The inmate grievance policy, the medical care policy, and all other CCDF policies and procedures are contained in the CCDF inmate handbook, a copy of which is available to inmates on the jail kiosks. A hard copy of the inmate handbook is available in each dayroom of the jail. The grievance procedure allows an inmate to submit grievances by using a kiosk to electronically submit a grievance. If the kiosk is inoperable or an inmate does not have access to a kiosk, the grievance may be handwritten. An inmate's grievance is investigated and answered, in writing, within 72 hours of the time it is received, excluding weekends and holidays. Grievances are first answered by the Jail Administrator or Shift Supervisor regarding inmate complaints and problems at the CCDF. If an inmate is not satisfied with a response to a grievance, the inmate may appeal up the chain of command to the Sheriff. Docs. 19-2, 19-3 & 19-4.

The record before the court demonstrates that Moore has an administrative remedy available to him at the CCDF. The undisputed evidentiary materials filed by Hunt further establish that Moore failed to exhaust this remedy prior to filing this federal civil action. Specifically, despite the availability of a grievance procedure, Moore failed to exhaust properly the administrative remedy provided by the CCDF as to the claims he brings in this litigation.[1] Docs.

---

[1] The record evidence reflects that on December 7, 2016, Moore submitted a grievance via the kiosk regarding the allegations made the subject matter of this action. Doc. 19-1 at 44. Moore received a response

19-1, 19-3.

The court granted Moore an opportunity to respond to the exhaustion defense raised by Defendant Hunt in his motion to dismiss. Doc. 20. Moore filed no response. With no stated opposition, and on the record before it, the court finds that Moore had an available grievance system at the CCDF, but he failed to exhaust the administrative remedy available to him. Moore does not dispute his failure to exhaust the grievance procedure regarding the incidents made the subject of his complaint, and the unrefuted record before the court demonstrates he failed to exhaust the administrative remedy available to him at the facility regarding his allegations prior to seeking federal relief, a precondition to proceeding in this court on his claims. Any grievances filed after initiation of this federal cause of action do not affect Moore's proper exhaustion of the administrative remedy provided by the jail. *Terry*, 491 F. App'x at 83. Defendant Hunt's motion to dismiss for failure to exhaust is therefore due to be granted. *Woodford*, 548 U.S. at 87–94.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion to dismiss (Doc. 19) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to exhaust an administrative remedy available to him at the Chambers County Detention Facility prior to initiating this cause of action.

2. This case be DISMISSED without prejudice under 42 U.S.C. § 1997e(a).

3. No costs be taxed.

---

from jail staff the same day requesting he submit a detailed written statement concerning the two incidents. Doc. 19-1 at 44. Five days later, Moore signed the instant complaint and mailed it to the clerk of court. At that time, the undisputed evidence establishes that jail personnel had not completed their investigation into Moore's initial grievance. *See* Doc. 19-1 at 49–50.

It is ORDERED that **on or before June 5, 2019,** the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 22nd day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE